IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARSHALL D. BARROWS                                                 PLAINTIFF

       v.                      Civil No. 13-5241

DEPUTY M. CAMBRAN, JR.;
and SERGEANT J. FULLER                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, on August 2, 2013, Plaintiff was moved from one block to an isolation cell. At the time, Deputy Cambran picked up Plaintiff's personal belongings and legal work and placed them in the control room. On August 5, 2013, when Plaintiff requested that his property be returned, it could not be located. The missing property included his legal papers, his commissary items, and his clothes.

Sergeant Fuller answered Plaintiff's grievance. Plaintiff indicates he is not sure if Sergeant Fuller can be in this case.

AO72A
(Rev. 8/82)

**2. Discussion**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Davis v. Hall*, 992 F.2d 151 (8th Cir. 1993). Section 1983 may not be "used to duplicate state tort law on the federal level." *Medina v. City and County of Denver*, 960 F.2d 1493, 1495 (10th Cir. 1992)(citation omitted).

When personal property is lost through negligent conduct, no cause of action exists under § 1983. *Daniels,* 474 U.S. at 328; *Davidson*, 474 U.S. at 347; *Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983). In short, Plaintiff's claim lacks any arguable basis in law and is subject to dismissal.

**3. Conclusion**

Accordingly, I recommend that the complaint be dismissed with prejudice on the grounds that the claims are frivolous or fail to state claims on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal

of this action will constitute a strike under 28 U.S.C. § 1983.  The Clerk should be directed to put a § 1915(g) strike on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE